*107 OPINION.
Lansdon:
The issues here relate to the facts as reflected by the accounting methods of the petitioner corporation and the effect of such methods on the tax liability of each of the several petitioners. Were the cash advances, other than salary payments, made to the individual petitioners loans or dividends? Were the amounts debited to certain accounts advances made by the corporation to its stockholders or investments ? If the withdrawals of the stockholders were loans, they were not income to the individuals, the book records thereof are accounts receivable, and the amounts should be included in invested capital. If the amounts debited to Lassen Logging Co. and Empire Development Co. accounts were investments of corporation funds, they are parts of the corporate assets segregated only for the purpose of complying with the letter of the law restricting the powers of corporations within charter limits.
There is nothing in the record to indicate that the amounts advanced on account of the Lassen Logging Co. and the Empire *108 Development Co. were not investments of corporate funds. The two special accounts were opened and maintained for the sole purpose of avoiding charter restrictions. Although their names were used and the several amounts were charged to them jointly, neither D. Bruce Forrester nor Bruce E. Nace, as between themselves and the corporation, were personalty benefited or obligated by the transactions reflected in such accounts. The evidence shows that advances made to, or for the accounts of the Lassen Logging Co. and the Empire Development Co. were made for the purpose of acquiring capital stock in those companies, to provide them with working capital, and for the payment of such of their obligations as were assumed by petitioner. The purpose in carrying the advances to those companies against the corporate officers was clearly to meet the objections and comply with the advice of the corporation’s attorney. Funds advanced to the officers by the corporation, for the afore-mentioned companies, as well as funds received from those companies for the corporation, were impressed with the character of a trusteeship. The officers merely acted as a conduit through which these funds passed; all purposely planned to circumvent what the petitioner corporation had been advised was the law relating to investments of this character. We are of the opinion that the invested capital of the corporation to the extent to which it was entitled to have earned surplus included therein was in no way affected by the fact that the entries involved were made to the special investment accounts.
Having reached the conclusion set forth above, it remains to determine what amounts should be restored to the invested capital of the corporation at January 31, 1920, and January 31, 1921,- as factors in the computation of its excess-profits-tax liability for the fiscal years ended January 31, 1921, and January 31, 1922. As to the Lassen Logging Co., it is established by the evidence that the net advances on account thereof at January 31, 1920, amounted to $43,032.22. This amount should be included in the invested capital of the corporation for the fiscal years ended January 31, 1921, and January 31, 1922, respectively. In the fiscal year ending January 31, 1922, this account was closed out and at the close thereof showed a credit balance in the amount of $30,472.17, which was profit to the corporation and can not be included in earned surplus as a factor in the computation of invested capital for that year.
At January 31, 1921, and January 31, 1922, the corporation had investments in the Empire Development Co. in the respective amounts of $73,733.16 and $81,233.16. We are convinced by the evidence that at such dates there were no reasons to doubt that such investments *109 would return substantial profits to the corporation, and therefore had not decreased its earned surplus at either of such dates. We are of the opinion that the amounts set out herein should be included in the invested capital of the corporation for the fiscal years ended respectively January 31, 1921, and January 31, 1922.
The evidence is convincing that from its inception it was the practice of the corporation to make substantial cash advances to its stockholders in excess of the amounts due them on account of salaries and dividends regularly declared, and that from time to time the stockholders made substantial payments to the corporation on account of such advances. Apparently the stockholders borrowed money from the corporation rather than from banks- when they needed funds for personal use in other ventures or to meet obligations which they had incurred in their several individual capacities. The corporation and the stockholders, being all the parties in interest, regarded such withdrawals as loans. We are of the opinion, therefore, that the debit balances of the personal accounts of the individuals at the end of the fiscal years 1921 and 1922 were accounts receivable and should be included in the invested capital of the corporation for such years. Having so determined, it follows that the net withdrawals of the individuals in the calendar years 1920 and 1921 were not income and are not taxable as such to the several individual petitioners. Appeal of Kate C. Ryan, 2 B. T. A. 1130; Appeal of American Press Co., Ltd., 4 B. T. A. 964.
Reviewed by the Board.

Judgment will be entered under Rule 50.